WO                                                                                                                   SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson, | No. CV 19-04396-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health , et al., | |
| Defendants. | |

Plaintiff Christopher James Henson, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, East Unit, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Emergency Motion for Preliminary Injunction. (Doc. 107.) The Court finds that the motion can be addressed without a response from Defendants.

The Court will deny the motion.

**I.    Background**

On screening of Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Corizon Health, Nurse Practitioner Dorothy Igwe, Contracting Monitoring Bureau Director David Robertson, and Supervisor Vanessa Headstream based on their alleged failure to treat Plaintiff's Hepatitis C and a nodule on his scrotum. (Doc. 6.) The Court ordered these Defendants to answer and dismissed the remaining claims and Defendants. (*Id.*)

## II. Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). An injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009), citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

## III. Discussion

In his Motion, Plaintiff moves the Court to order his release from prison due to the Arizona Department of Corrections' (ADC) inability to protect him from the Covid-19 virus. (Doc. 107.) Plaintiff asserts that he has asthma and Hepatitis C, which puts him at higher risk of contracting the disease, and that ADC is not implementing sufficient testing and sanitization protocols to protect Plaintiff and other prisoners from being exposed to the disease. (*Id.*)

Plaintiff is not entitled to the requested relief. Plaintiff's allegations in his motion arise from events distinct from his Eighth Amendment medical care claims that are *currently* before the Court. New claims may not be presented in a motion for injunctive relief and must be brought in a separate action. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("when a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)

(a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

Further, even if the Court construes Plaintiff's allegations in the motion for injunctive relief as an access-to-courts claim, Plaintiff's request for injunctive relief still fails. To maintain an access-to-courts claim, a prisoner must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49. Plaintiff has failed to show a likelihood of success on the merits or irreparable injury as it pertains to an access-to-courts claim. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action. A review of the docket in this matter reflects that Plaintiff has filed numerous motions to the Court. Plaintiff has not shown that his ability to litigate this or any other case has been impeded. Plaintiff has not been prevented from bringing a claim as a result of the alleged conduct. Thus, Plaintiff has not established actual injury. Plaintiff has also failed to satisfy the remaining requirements that must be shown to warrant injunctive relief. *See Winter*, 555 U.S. at 20.

Finally, to the extent Plaintiff seeks the invalidation of his sentence, or any relief which would result in his immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).[1]

For the foregoing reasons, Plaintiff's motion will be denied.

///
///
///
///
///

---

[1] Plaintiff is advised that a prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. *Rose v. Lundy*, 455 U.S. 509 (1982); *Szeto v. Rushen*, 709 F.2d 1340 (9th Cir. 1983).

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Emergency Motion for Preliminary Injunction. (Doc. 107), and the Motion is **denied**.

Dated this 28th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge