WO                                                                                                          SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson,<br>  Plaintiff,<br>v.<br>Corizon Health , et al.,<br>  Defendants. | No. CV 19-04396-PHX-MTL (DMF)<br><br>**ORDER** |

Plaintiff Christopher James Henson, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, East Unit, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Reconsideration and Leave to File Supplemental Complaint. (Doc. 114.) Also before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 111.)[1]

**I.    Background**

On screening of Plaintiff's First Amended Complaint (Doc. 69) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated constitutional claims against Defendants Corizon Health, Centurion of Arizona, Nurse Practitioner Dorothy Igwe, Contracting Monitoring Bureau Director David Robertson, Supervisor Vanessa Headstream, Dr. Rodney Stewart, Medical Director Thomas Lutz, Facility Health

---

[1] Because the Court is granting Plaintiff's request to file an amended complaint, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice with leave to re-file to allow time for Defendants to answer the Second Amended Complaint and adequate time for discovery.

Administrators Adam Perkins and Trina Randall, Arizona Department of Corrections (ADC) Director David Shinn, Nursing Supervisors Elizabeth Pontious and Phyllis Raney, and ADC Office of Publication Review employees Tray Williams and Diane Miller and ordered them to respond to the respective claims against them. (Doc. 70.)

On April 24, 2020, Plaintiff filed a Motion for Preliminary Injunction asking the Court to order his release from prison due to the Arizona Department of Corrections' (ADC) inability to protect him from the Covid-19 virus. (Doc. 107.) On April 28, 2020, the Court denied the Motion for Preliminary Injunction because the allegations in the arose from events distinct from his Eighth Amendment medical care claims that are currently before the Court. (Doc. 110 at 2.) *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("when a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). The Court also determined that the allegations in the Motion for Preliminary Injunction did not support an access-to-courts claim. (Doc. 110 at 3.) *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required"). Finally, the Court concluded that because Plaintiff's request for would result in his immediate or speedier release, his exclusive remedy is a petition for habeas corpus. (Doc. 110 at 3.) *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

Plaintiff now asks the Court to reconsider its denial of his Motion for Preliminary Injunction, and he also seeks leave to file an amended complaint. (Doc. 114.)

**II.   Motion for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

In his Motion, Plaintiff asks the Court to reconsider its Order denying his request for injunctive relief and to order his release from based on ADC's failure to implement procedures to protect him and other prisoners from the Covid-19 virus. (Doc. 114.) As noted in the Court's original Order, Plaintiff's request for immediate release is not cognizable under § 1983; he must seek such relief in a habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); *Preiser*, 411 U.S. at 490 (prisoner seeking to attack the validity or length of his sentence is limited to habeas corpus). Accordingly, Plaintiff's request for reconsideration of the April 28, 2020 Order will be denied.

### III. Leave to Amend

The Court will grant the portion of Plaintiff's Motion in which he seeks leave to file an amended complaint. (*See* Doc. 114 at 3.) In determining whether leave to amend should be given, the Court must consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). Here, there is no evidence of bad faith, undue delay, or prejudice because the discovery and dispositive motion deadlines have not expired. (*See* Doc. 95 (extending pre-

trial deadlines).)  Additionally, the Court finds that amendment would not be futile.  In his Lodged Proposed Second Amended Complaint,[2] Plaintiff seeks to add an Eighth Amendment claim (Count 5) alleging that his asthma and Hepatitis C put him at increased risk of contracting the Covid-19 virus, and Defendant Shinn has failed in his duties as ADC Director to implement proper cleaning and screening policies to protect Plaintiff and other prisoners from the disease.  (Doc. 115-1 at 4.)  Plaintiff has adequately stated an Eighth Amendment official capacity claim against Defendant Shinn in Count Five of the Lodged Proposed Second Amended Complaint, and the Court will require Defendant Shinn to answer this additional claim.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to succeed on an Eighth Amendment medical claim, a prisoner must show (1) that his condition constitutes a "serious medical need" and (2) that the defendant's response to that need was deliberately indifferent).

Counts 1–4 of the Lodged Proposed Second Amended Complaint are identical to Counts 1–4 of the First Amended Complaint (Doc. 69).  The Court did not address Plaintiff's claims against Defendant Ryan in its previous screening Order (*see* Doc. 70), but the Court finds that Plaintiff fails to state claims against former ADC Director Defendant Charles Ryan in the proposed amended complaint.

In Count One, Plaintiff alleges that when Defendant Corizon's contract with ADC ended, Defendant Ryan awarded the new contract to Defendant Centurion, and Defendant Ryan allowed former Corizon employees to be retained by Centurion despite knowing that Corizon employees have "a well documented history of killing inmates." (Doc. 115 at 11–12.)  Plaintiff's general accusation is too vague to support an Eighth Amendment claim, and the Court will dismiss Plaintiff's claim against Defendant Ryan in Count 1.

In Count 2, Plaintiff alleges that he submitted inmate letters to Defendant Ryan regarding his medical issues and that Defendant Ryan gets involved in the individualized treatment of prisoners.  (*Id.* at 17.)  But Defendant Ryan had no duty to override the medical

---

[2] Plaintiff mistakenly labeled it as his First Amended Complaint, but it is actually his Second Amended Complaint.

- 4 -

decisions made by the healthcare providers, and as Plaintiff's notes, Defendant Headstream responded to the inmate letters on Defendant Ryan's behalf. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (finding no deliberate indifference where supervisor signed off on plaintiff's grievance appeal without independently reviewing plaintiff's claims because the supervisor had no independent experience in particular area of medicine and relied on the medical opinions of staff with the relevant expertise). Thus, the Court will also dismiss Count Two against Defendant Ryan.

Finally, in Count 3, Plaintiff alleges that by removing himself from the medical grievance process, Defendant Ryan was deliberately indifferent to his serious medical need and also hindered Plaintiff's access to the courts. First, Plaintiff's allegations in Count 3 do not show that Defendant Ryan was aware of a substantial risk to Plaintiff's health and disregarded that risk. Thus, Plaintiff fails to state an Eighth Amendment Claim in Count 3. Additionally, to maintain an access-to-courts claim, a prisoner must allege that he suffered an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49. Plaintiff does not allege that he has faced an unreasonable delay or the inability to file anything in this action or any other action as a result of Defendant Ryan's actions. Plaintiff does not claim that he has been prevented from bringing a claim as a result of the alleged conduct or that his ability to litigate this or any other case has been impeded. Accordingly, Plaintiff fails to state a First Amendment access-to-courts claim against Defendant Ryan and Count Three against Defendant Ryan will also be dismissed.

Counts 1–4 of the Lodged Proposed Second Amended Complaint are identical to Counts 1–4 of the First Amended Complaint with respect to the remaining Defendants, and the Court has already determined that Plaintiff stated claims against the remaining Defendants in these counts. (*See* Doc. 70.) Accordingly, the Court will require the remaining Defendants to answer the respective claims against them in the Second Amended Complaint.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Reconsideration and Leave to File Supplemental Complaint. (Doc. 114.)

(2) Plaintiff's Motion for Reconsideration and Leave to File Supplemental Complaint (Doc. 114) is **granted in part and denied in part**. The Motion is **denied** as to Plaintiff's request for reconsideration of the Court's April 28, 2020 Order. The Motion is **granted** as to Plaintiff's request to file an amended complaint.

(3) The Clerk of Court must file Plaintiff's Lodged Proposed Second Amended Complaint (lodged at Docs. 115–115-1.)

(4) Defendant Ryan is **dismissed with prejudice**.

(5) Defendants Corizon, Centurion, Igwe, and Stewart must answer Counts One, Two, and Three of the Second Amended Complaint; Defendant Lutz must answer Count One of the Second Amended Complaint; Defendant Perkins must answer Counts One and Three of the Second Amended Complaint; Defendant Robertson must answer Counts One and Two of the Second Amended Complaint; Defendant Headstream must answer Count Two of the Second Amended Complaint; Defendant Shinn must answer Counts Three, Four, and Five of the Second Amended Complaint; Defendants Pontious, Randall, and Raney must answer Count Three of the Second Amended Complaint; and Defendants Miller and Williams must answer Count Four of the Second Amended Complaint.

(6) Defendants must answer the relevant portions of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(8) Plaintiff's Motion for Summary Judgment (Doc. 111) is **denied without prejudice** with leave to re-file a new summary judgment motion by the August 7, 2020 dispositive motion deadline (*see* Doc. 95).

(9) The pre-trial deadlines listed in the Court's March 4, 2020 Order (Doc. 95) shall remain the same.

Dated this 11th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge