WO                                                                                          SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson, | No. CV 19-04396-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health, et al., | |
| Defendants. | |

Plaintiff Christopher James Henson, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, East Unit, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 116.) Before the Court are Defendants Williams and Miller's Motion for Judgment on the Pleadings. (Doc. 127.)

The Court will grant the Motion and dismiss Defendants Williams and Miller from the action.

**I.      Background**

On screening of Plaintiff's Second Amended Complaint (Doc. 116) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated constitutional claims against Defendants Arizona Department of Corrections (ADC) Director David Shinn, Corizon Health, Centurion of Arizona, Nurse Practitioner Dorothy Igwe, Contracting Monitoring Bureau Director David Robertson, Supervisor Vanessa Headstream, Dr. Rodney Stewart, Medical Director Thomas Lutz, Facility Health Administrators Adam Perkins and Trina Randall, Nursing Supervisors Elizabeth Pontious and Phyllis Raney, and ADC Office of

Publication Review employees Tray Williams and Diane Miller and ordered them to respond to the respective claims against them. (Docs. 70, 117.)

Defendants Williams and Miller now move for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and argue that they are entitled to qualified immunity on Plaintiff's claim in Count 4. In Count 4, Plaintiff alleges that he ordered a book titled "An Inexplicable Deformity," which was authored by ADC prisoner Anant Tripati and "discusses ADC and Corizon and cases that may be helpful." (Doc. 116-1 at 2.)[1] On September 25, 2019, Defendants Williams and Miller told Plaintiff that he could not have the book because it discusses cases that name ADC employees. (*Id.*) Plaintiff alleges that the book "is a legal publication that contains content that is reasonably necessary to understand the fundamental . . . legal issues and legal principles of the publication" and that Defendants Williams and Miller's conduct violated his First Amendment right to meaningful access to the courts. (*Id.* at 2–3.)

## II. Legal Standards

### A. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, any party may move for judgment on the pleadings. For the purposes of a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that contradict those of the nonmoving party are assumed to be false. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). A motion for judgment on the pleadings may be granted only if, "taking all the allegations in the [nonmoving party's] pleading as true, the moving party is entitled to judgment as a matter of law." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The burden is on the moving party to show that no material issue of fact remains to be resolved. *See George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996).

---

[1] *See* https://www.barnesandnoble.com/w/an-inexplicable-deformity-merit-anant-kumar-tripati-llm/1130038114 (last visited Sept. 11, 2020).

### B. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230–32, 235-36 (2009) (courts may address either prong first depending on the circumstances in the particular case).

Whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The plaintiff has the burden to show that the right was clearly established at the time of the alleged violation. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991). Thus, "the contours of the right must be sufficiently clear that at the time the allegedly unlawful act is [under]taken, a reasonable official would understand that what he is doing violates that right;" and "in the light of pre-existing law the unlawfulness must be apparent." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994) (quotations omitted). Therefore, regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not "clearly established" or the officer could have reasonably believed that his particular conduct was lawful. *Romero*, 931 F.2d at 627.

### III. Discussion

### A. Constitutional Violation

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Lewis*, 518

U.S. at 384. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To prevail on an access-to-courts claim, a plaintiff must show: "(1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 at 416), *vacated on other grounds* 555 U.S. 1150 (2009).

"The first element, requiring the loss of a nonfrivolous underlying claim, goes to the plaintiff's standing to bring suit." *Phillips*, 477 F.3d at 1076. "To have standing to assert a claim of denial of access to the courts, an inmate must show 'actual injury.'" *Id.* (citing *Lewis,* 518 U.S. at 351). "In order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal claim.'" *Id.* (citing *Lewis*, 518 U.S. at 351, 353). *Christopher v. Harbury* makes clear that the plaintiff must describe the "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." 536 U.S. at 416. A frivolous claim is one without arguable merit either in law or fact, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or one that has "little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A plaintiff does not have to show that his claim would have ultimately been successful on the merits. *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994). But he must show that it had arguable merit. *Lewis*, 518 U.S. at 353 n.3.

The second element requires that a plaintiff show that the alleged violation of his rights was proximately caused by the defendant. *Id.* at 1077. The third element requires that the plaintiff "have no other remedy than the relief available in his denial of access suit." *Id.* at 1078–79.

Here, regardless of whether Plaintiff's access-to-courts claim is construed as a forward-looking claim or a backward-looking claim, it must be dismissed because the "actual injury" requirement has not been satisfied. Plaintiff did not allege sufficient facts to show that the confiscation of "An Inexplicable Deformity" frustrated or hindered him from pursuing a non-frivolous claim or caused him an actual injury. Plaintiff did not allege any facts regarding the underlying claim in his access-to-courts claim or provide facts regarding any nonfrivolous, arguable underlying claim that he lost as a result of Defendants' actions. Plaintiff did not identify the case at issue, what court it was pending in, or what documents he was unable to file. To establish that a claim is nonfrivolous, a plaintiff must show that the "'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416; *see Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (it is a plaintiff's burden to show that his underlying claims in an access-to-courts action were not frivolous). As set forth in *Christopher*, Plaintiff must describe the underlying claim that was frustrated. *Christopher*, 536 U.S. at 415. Plaintiff's vague assertions fail to satisfy this requirement. *See Howland v. Kilquist,* 833 F.2d 639, 643 (7th Cir.1987) (conclusory claim that defendants prevented plaintiff from adequately defending against criminal charge failed to show that access to courts impeded). Because Plaintiff fails to identify the potential grounds and/or claims he wished to raise, it is impossible for the Court to ascertain whether his claims were non-frivolous. *See Rosario v. Fischer,* No. 11 Civ. 4617(JPO)(FM), 2012 WL 4044901, at *7 (S.D.N.Y. Aug. 28, 2012) ("To satisfy the requirement that the underlying claim not be frivolous, a plaintiff must describe the claim well enough for the court to determine whether the claim had an arguable basis in either law or fact"). Taking Plaintiff's allegations as true, the facts alleged in Count 4 of the Second Amended Complaint do not show that Defendants Williams and Miller's conduct prevented or hindered Plaintiff from pursuing a non-frivolous claim.

### B.     Violation of Clearly Established Law

Even if there were sufficient facts in Count 4 to state an access-to-courts claim against Defendants Williams and Miller, under the circumstances presented in this case

and the available case law at the time, it would not have been clear to a reasonable official that withholding "An Inexplicable Deformity" from Plaintiff violated clearly established law. At the time Plaintiff's claim arose, it was clearly established that prisoners have a First Amendment right to pursue non-frivolous claims without active interference or hindrance from prison officials. *Lewis*, 518 U.S. at 384. However, the specific contours of a prisoner's First Amendment right to possess particular legal research materials had not been established by the Supreme Court or the Ninth Circuit at the relevant time

At the relevant time, ADC Department Order (DO) 914 §§ 2.5.1 and 7.1 provided that "incoming mail shall be withheld from an inmate if it" contains sexually explicit material, poses a direct threat to the safety and/or security of the facility, hinders rehabilitation efforts, threatens the intended recipient, promotes or aids criminal activity, or contains content written in code.[2] But also during the relevant time, DO 914 § 6.18 stated that:

> A legal publication that contains unauthorized content that is either (a) directly quoted from a trial or appellate court's decision, opinion, or order, or (b) otherwise taken from a court case, government publication, or news wire service (such as the Associated Press), shall not be withheld if the unauthorized content is reasonably necessary to understand the fundamental legal issue or legal principle of the legal publication.[3]

Although Plaintiff has a right of reasonable access to the courts, he also has the obligation to obey prison rules. The right of reasonable access to the courts does not confer the right to possess any item which is contraband for other reasons. Plaintiff argues that pursuant to the wording of DO 914 § 6.18, "An Inexplicable Deformity" should not have been withheld. (Doc. 130 at 3–4.) But even if Defendants Williams and Miller misapplied DO 914 § 6.18, a failure to follow prison policy does not automatically give rise to a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)

---

[2] *See* ADC DO 914 §§ 2.5.1 and 7.1, https://corrections.az.gov/sites/default/files/policies/900/0914_032519.pdf (last visited Sept. 14, 2020).

[3] *Id.* at § 6.18.

- 6 -

(alleged failure to follow prison policy does not establish federal constitutional violation). Neither party cited any cases from the relevant period that would suggest that a prisoner has a First Amendment right to possess legal research materials that were deemed to contain unauthorized content or contraband by prison officials, and the Court is unaware of any such authority. *See St. Hilaire v. Lewis*, No. 93–15129, 1994 WL 245614 (9th Cir. June 7, 1994) (unpublished memorandum disposition) (prisoner's right to access the court was not violated when officials withheld his incoming mail that contained legal research materials for two months to determine whether it was contraband). Thus, even if Defendants Williams and Miller's conduct violated Plaintiff's constitutional rights, a reasonable officer under these circumstances would not have known that his or her conduct would be clearly unlawful. *See Saucier*, 533 U.S. at 202. Accordingly, Defendants Williams and Miller are entitled to qualified immunity, and the Court will dismiss Plaintiff's First Amendment claim against them.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Williams and Miller's Motion for Judgment on the Pleadings (Doc. 127), and the Motion is **granted**.

(2) Count 4 of the Second Amended Complaint and Defendants Williams and Miller are **dismissed** from the action as discussed herein.

Dated this 18th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge