WO                                                                                                                          SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson, | No. CV 19-04396-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health , et al., | |
| Defendants. | |

    Plaintiff Christopher James Henson, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, East Unit, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. On screening of Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Corizon Health, Nurse Practitioner Dorothy Igwe, Contracting Monitoring Bureau Director David Robertson, and Supervisor Vanessa Headstream based on their alleged failure to treat Plaintiff's Hepatitis C and a nodule on his scrotum. (Doc. 6.) The Court ordered these Defendants to answer and dismissed the remaining claims and Defendants. (*Id.*)

    On November 30, 2020, Plaintiff filed an Emergency Motion for Injunction and Temporary Restraining Order in which he alleged that Arizona Department of Corrections (ADC) Director David Shinn had revoked Plaintiff's e-mail access and his access to the Lexis legal search engine on his computer tablet (Doc. 184 at 1–2.) Plaintiff asked the Court to issue an injunction ordering ADC to allow him continued access to Lexis, the

ability to draft documents on his tablet, and continued e-mail communication. (*Id.*) Defendants responded to the Motion on December 14, 2020. (Doc. 190.)

In an Order issued December 15, 2020, the Court denied Plaintiff's request for injunctive relief without requiring a reply from Plaintiff because Plaintiff's allegations in his motion arose from different events than those alleged in this action and because Plaintiff's allegations in the Motion did not support an access-to-court claim. (Doc. 192.) Plaintiff now moves for reconsideration of the December 15, 2020 Order because the Court issued the Order without a reply from Plaintiff. (Doc. 194.)

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

Here, Plaintiff's reply was not necessary for the Court to decide the Motion for injunctive relief because it was clear from the record that Plaintiff did not satisfy the requirements for obtaining injunctive relief. The Court specifically found that:

> Plaintiff is not entitled to the requested relief. As an initial matter, Plaintiff's allegations in his motion arise from events distinct from his Eighth Amendment medical care claims that are *currently* before the Court. New claims may not be presented in a motion for injunctive relief and must be brought in a separate action. . . . Further, even if the Court construes Plaintiff's allegations in the motion for injunctive relief as an access-to-courts claim, Plaintiff's request for injunctive relief still fails. . . . Plaintiff has failed to show a likelihood of success

> on the merits or irreparable injury as it pertains to an access-to-courts claim. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action, and his vague statement that his "ability to navigate the legal waters of this matter" has been impacted is too vague to support an access-to-courts claim. A review of the docket in this matter reflects that Plaintiff has filed numerous motions to the Court. . . . At this time, Plaintiff has not shown that his ability to litigate this or any other case has been impeded. Plaintiff has not been prevented from bringing a claim as a result of the alleged conduct. Thus, Plaintiff has not established actual injury. Plaintiff has also failed to satisfy the remaining requirements that must be shown to warrant injunctive relief.

(Doc. 192 at 2–3.) Upon reviewing the record before it, the Court determined that it was not necessary to wait for a reply. The Court did not commit clear error by denying Plaintiff's Motion for injunctive relief without waiting for a reply. *See Palmer v. Web Industries, Inc.*, No. CV 04-2362-PCT-SMM, 2007 WL 625924 at *1 (D. Ariz. Feb. 26, 2007) (a court's decision to decide a motion without waiting for a reply was "not a proper basis for seeking reconsideration" because "replies are optional, and therefore not required to be considered"). The Court finds no basis for reconsidering its December 15, 2020 Order, and Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Reconsideration (Doc. 194), and the Motion is **denied**.

Dated this 6th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge